UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DESHELLE KING

VERSUS

RUBICON LLC

CIVIL ACTION

NO. 10-096-BAJ-SCR

**RULING**

This matter is before the court on a motion by defendant, Rubicon, LLC, for summary judgment (doc. 30). No opposition has been filed. Jurisdiction is based on 28 U.S.C. § 1332.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff, Deshelle King, initiated this action on February 5, 2010. The complaint alleges that, on October 26, 2009, while working for "IDC"[1] as a firewatcher at the Rubicon chemical plant in Geismar, Louisiana, she was injured when an employee of Rubicon, LLC negligently struck her with a forklift (complaint).

Defendant, Rubicon, LLC, filed the present motion for summary judgment on January 27, 2011, arguing that "Rubicon is entitled to tort immunity under the exclusivity provisions of the Louisiana Worker's Compensation Act" because "Rubicon was the statutory employer of Deshelle King at the time of the work place accident made the subject of this litigation" (doc. 31, p. 1).

Pursuant to Local Rule 56.1, Rubicon, LLC has set forth the following facts that it claims are material to the present motion for summary judgment. Because plaintiff

---

[1]Though the identity of "IDC" is not apparent in the complaint, defendant's Statement of Material Undisputed Facts identifies "IDC" as "Industrial Design & Construction, Inc." (see *infra*, p. 2, quoting doc. 30-4, ¶2).

has not controverted defendant's statement of material facts, they are deemed admitted pursuant to Local Rule 56.2.[2] Those facts are:[3]

1. Rubicon is a manufacturer of various chemicals at its facility in Geismar, Louisiana.

2. Prior to and on October 26, 2009, Rubicon had a contract with Industrial Design & Construction, Inc. ("IDC") wherein IDC agreed to perform certain mechanical construction work and/or provide labor, items of equipment, machinery, materials or supplies for such work. The work is an integral part of and essential to the ability of Rubicon to generate its goods, products and services. The contract is memorialized in Miscellaneous Services Agreement No. A-10523 ("MSA") effective on June 1, 2002.

3. Article 7.2 of the MSA provides that the services to be performed under the MSA are an integral part of and essential to the ability of Rubicon to generate goods, products, and services in accordance with La. R.S. 23:1031 and 23, 1061. Further, the MSA specifically provides that Rubicon is the statutory employer of IDC's employees.

4. Rubicon permitted King and IDC to work in various areas at Rubicon's facility, including the Plyols unit located near an internal roadway within the Rubicon facility.

5. On or around September 14, 2009, IDC agreed to perform work for Rubicon in connection with Purchase Order No. 09-45265, which work was to be rendered under the MSA. The work consisted of

---

[2] Uniform Local Rule 56.2 provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

[3] Conclusions of law and facts not material to the Court's ruling are not reproduced herein.

constructing fixed ladders and access platforms in the Polyols unit at the Rubicon facility.

6. The MSA was in full force and effect on October 26, 2009 and on that date, IDC and King were performing work for and pursuant to the MSA.

7. Plaintiff, Deshelle King, was a direct employee of IDC at the time of the accident.

8. On the date of the accident Deshelle King was performing fire watch duties for IDC in connection with IDC's agreement to construct fixed ladders and platforms in the Polyols unit of the Rubicon facility.

9. Firewatch is an essential and necessary job that must be performed by any contractor or other personnel when constructing fixed ladders and access platforms within a production unit at any plant due to the presence of various combustible hazards.

10. On the date of the accident, Deshelle King was impacted by a forklift on an internal roadway while she was leaving her work area within the Polyols unit.

11. IDC has paid King worker's compensation benefits as a result of the injuries which she sustained in the work place accident which is the subject of this lawsuit.

12. Purchase Order No. 09-46831 reflects payment by Rubicon to IDC for lost time due to the subject accident. Said purchase order acknowledges that the accident in question occurred in connection with and as a result of work that was being performed for Rubicon under the MSA.

(Doc. 30-4).

## LAW AND DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Because this case is a diversity action, Louisiana substantive law applies. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "Questions of Louisiana law are resolved 'the way the Louisiana Supreme Court would interpret the statute based on precedent, legislation, and relevant commentary.'" *Molden v. Georgia Gulf Corp.*, 465 F.Supp.2d 606, 610 (M.D.La. 2006) (quoting *Occidental Chemical Corp. V. Elliott Turbomachinery Co., Inc.*, 84 F.3d 172, 175 (5th Cir. 1996)).

LSA–R.S. §23:1032 provides in pertinent part:

> A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter,

shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employer or principal for said injury, or compensable sickness or disease.

(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.

LSA-R.S. §23:1032(A).

Thus, the Louisiana Worker's Compensation Act provides the exclusive remedy in cases where employees seek damages for injuries that arise out of, and in the course of, employment, and are caused by the negligence of fellow employees. Moreover, LSA-R.S. § 23:1061 provides in pertinent part:

A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2) undertakes to execute any work, which is a part of his trade, business or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately

5

employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.

(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work was not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

LSA–R.S. § 23:1061(A).

The undisputed facts for purposes of the present motion for summary judgment establish that a contract existed between Rubicon and IDC at the time of the accident and that, pursuant to the contract, Rubicon was to be considered the statutory employer of IDC employees. The parties further agreed that the services performed under the contract were an integral part of and essential to the ability of Rubicon to generate its goods, products, and services, in accordance with LSA–R.S. 23:1031 and 12:1061. Thus, the undisputed facts for purposes of the present motion establish a

6

rebuttable presumption pursuant to LSA–R.S. § 23:1061(A) that Rubicon was a statutory employer of plaintiff at the time of the workplace accident– a rebuttable presumption that may only be overcome by plaintiff setting forth evidence to show that "the work was not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services."

Because plaintiff has failed to set forth such evidence, the Court concludes that no genuine dispute of fact exists, and that, under the undisputed facts for purposes of this motion, the Louisiana Worker's Compensation Act provides the exclusive remedy for the damages claimed by plaintiff.

## CONCLUSION

Accordingly, the motion by Rubicon, LLC, for summary judgment (doc. 30) is hereby **GRANTED**, and judgment shall issue in favor of defendant, Rubicon, LLC and against plaintiff, Deshelle King, dismissing this action with prejudice.

Baton Rouge, Louisiana, March 24, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA